**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

ANTONIO D. HOLLINGSWORTH,

    Petitioner,

v.                                                                                          Case No. 20-cv-13242

WARDEN MICHELLE FLOYD,

    Respondent.
_____/

**ORDER DIRECTING PETITIONER TO FILE A HABEAS CORPUS PETITION**

    This case initially came before the court on Petitioner Antonio D. Hollingsworth's letter to the court in which he asked the court to hold his case in abeyance or to extend the deadline for filing a habeas corpus petition. (ECF No. 1.) The problem with Petitioner's request is that he did not submit a habeas petition with his letter even though the proper way to commence a civil action in federal court is to file a complaint with the court. Fed. R. Civ. P. 3.

    The Federal Rules of Civil Procedure apply to habeas suits unless they are inconsistent with the Habeas Corpus Rules, and "[n]othing in the Habeas Corpus Rules contradicts Rule 3." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Id*.

    Although Petitioner's letter requesting a stay was treated as a new habeas case under 28 U.S.C. § 2254 when it was filed, the letter does not specify any claims for relief, with supporting facts, as required by Rule 2(c)(1) and (2) of the Rules Governing

Section 2254 Cases in the United States District Courts.  Thus, Petitioner's letter is not the equivalent of a habeas petition.  Furthermore,

> Article III of the U.S. Constitution empowers federal courts to hear "Cases" or "Controversies," nothing more.  U.S. Const. art. III, § 2; *see Lexmark Int'l, Inc. v. Static Control Components, Inc.,* —— U.S. ——, 134 S. Ct. 1377, 1386, 188 L.Ed.2d 392 (2014).  And "no justiciable 'controversy' exists when parties ... ask for an advisory opinion." *Massachusetts v. EPA,* 549 U.S. 497, 516, 127 S. Ct. 1438, 167 L.Ed.2d 248 (2007).  This prohibition covers a party's—in truth a non-litigant's—request for an "opinion[ ] advising what the law would be upon a hypothetical state of facts."  *Chafin v. Chafin,* —— U.S. ——, 133 S. Ct. 1017, 1023, 185 L.Ed.2d 1 (2013) (quotation omitted).

*United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016).

"[N]o case or controversy generally exists before an actual § 2254 petition is filed."  *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) (citing *Barden v. Keohane,* 921 F.2d 476, 477 n. 1 (3d Cir. 1990) (noting that "jurisdiction over a petition for a writ of habeas corpus is determined when the petition was filed")).  Although Petitioner may have a legitimate concern about exhausting state remedies for future claims, *see* 28 U.S.C. § 2254(b)(1), and not having those claims barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), the doctrine of equitable tolling applies only to pleadings actually filed; "[i]t does not permit pre-approval of such tolling based on a 'hypothetical state of facts.' "  *Asakevich*, 810 F.3d at 421 (quoting *Chafin*, 133 S. Ct. at 1023).

Granting Petitioner's letter request would amount to an advisory opinion that a habeas petition would be accepted and stayed if Petitioner chose to file one.  "[F]ederal courts have no license to issue advisory opinions," and they may not bend or ignore that principle, "no matter how convenient or efficient the request might otherwise be."  *Id*.  In other words, federal courts do not "offer advisory opinions about what they might do *if*

2

an action were filed." *Id*. at 420 (emphasis in original).  To create an Article III controversy and obtain more than an advisory opinion, Petitioner must file an actual habeas petition.  *See id*. at 423 (addressing a federal inmate's request for an extension of time to file a motion under 28 U.S.C. § 2255).

Nevertheless, "courts consider, among other things, judicial economy and the legal sophistication of *pro se* litigants when evaluating AEDPA matters."  *Thomas*, 713 F.3d at 168.  Accordingly, the court will hold this case open for a limited time so that Petitioner can file a habeas corpus petition and provide the court with the basic details about his state criminal case.  The petition must list all the claims that Petitioner wants the court to consider eventually, and it must indicate whether the claims have, or have not, been raised at all levels of review in state court.  Thus,

IT IS ORDERED that Petitioner must file any habeas petition and renewed motion to stay by **April 15, 2021**. Failure to file a proper habeas petition and a renewed motion for a stay could result in the dismissal of this case.

           s/Robert H. Cleland             /
           ROBERT H. CLELAND
           UNITED STATES DISTRICT JUDGE

Dated:  March 4, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 4, 2021, by electronic and/or ordinary mail.

           s/Lisa Wagner                     /
           Case Manager and Deputy Clerk
           (810) 292-6522

S:\Cleland\Cleland\CHD\2254\20-13242.HOLLINGSWORTH.bh.chd.docx